UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-632-RJC

| AUGUST CHANNING WILLIAMS, SR., | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) ORDER |
| FNU GREENLEE, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1), and on Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 1-1). The Court has examined Plaintiff's Application to Proceed Without Prepayment of Fees or Costs and concludes that he has insufficient resources to proceed at this time. His Application will therefore be granted.

The provisions of 28 U.S.C. § 1915A(a) direct the court to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." Following this initial review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... fails to state a claim for relief." Id. § 1915A(b)(1). For the reasons that follow, Plaintiff's Complaint will be dismissed for failure to state a claim.

## I.  BACKGROUND

Plaintiff names as defendants the following four individuals: Andrew Murray, the District Attorney of Mecklenburg County; FNU Greenlee, identified as an officer with the Charlotte-Mecklenburg Police Department; FNU Moore, identified as a Magistrate for

Mecklenburg County; and John Doe, identified as a District Court Judge for Mecklenburg County District Court.

In the Complaint, Plaintiff alleges that Defendants violated numerous of his federal constitutional rights, beginning with filing charges against him in a criminal complaint on October 14, 2011, and then with his arrest on October 17, 2011, in Mecklenburg County, North Carolina. (Doc. No. 1 at 4). Plaintiff alleges that on October 17, 2011, he "was apprehended, and committed unlawfully and restrained of his liberty to the custody of the Mecklenburg County Jail as a result of said general warrant or (Bond warrant for arrest) . . . under court file numbers: 11-cr-24-64-63-1, 11-cr-24-64-65-01, and 11-cr-24-64-66-01." (Id.). Plaintiff's listed address indicates that he is no longer incarcerated in the Mecklenburg County Jail, but his pro se Complaint does not indicate the status of the criminal charges against him.[1]

Plaintiff alleges that Defendants conspired to deprive him of his rights as secured by the United States Constitution, and that he is being prosecuted on charges over which the State has no jurisdiction. Plaintiff alleges, for instance, that he is being "unconstitutional[ly] and unlawfully imprisoned for a debt instrument[] in this state." (Doc. No. 1 at 5). Plaintiff further alleges that "[a]t no time prior to the unlawful statutory warrant . . . did Plaintiff make any general appearance subjecting himself to the jurisdiction of any local magistrates, or any district court or superior court judge in the State of North Carolina." (Id.). In his prayer for relief, Plaintiff asks for, among other things, a "civil trial by jury" and monetary damages against the

---

[1] An entry for Plaintiff on a public records search on Westlaw states "Case Disposed" next to the charges filed on October 14, 2011, and the entry does not indicate what the charges were. Therefore, it does not appear that Plaintiff has any pending criminal charges from October 14, 2011; thus, Heck v. Humphrey, 512 U.S. 477 (1994), does not appear to apply in this case.

2

named Defendants for the alleged constitutional violations. (Id. at 11).

## II. STANDARD OF REVIEW

A case filed under Section 1983 provides a possible remedy if a person acting under color of state law deprives someone of a right secured by federal law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga Univ. v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim); Golden State Trans. Corp. v. City of Los Angeles, 493 U.S. 103, 107-08 n.4 (1989) ("A . . . claim based on a statutory violation is enforceable under § 1983 only when the statute creates 'rights, privileges, or immunities' in the particular plaintiff .").

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is not necessary that Plaintiff allege exhaustive, "detailed factual allegations," but [Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555).

## III. DISCUSSION

　　A.　　Defendant FNU Greenlee

Plaintiff identifies Defendant Greenlee as a police officer with the Charlotte-Mecklenburg Police Department. Plaintiff alleges that on October 14, 2011, Defendant Greenlee, while acting under color of state law, "unconstitutionally" charged Plaintiff in a criminal complaint and supporting statement in Criminal Case No. 111014023102 "as an alledge [sic] witness contrary to the warrant requirements of Amendment Four and Five to the Constitution of the United State[], and North Carolina State Constitution Article I Section 2.2." (Doc. No. 1 at 15). Plaintiff further alleges that "[a]t no time prior the unlawful statutory warrant, or anytime thereafter did Plaintiff make any general appearance subjecting himself to the jurisdiction of any local magistrates, or any district judge or superior court judge in the State of North Carolina." (Id. at 5).

Plaintiff fails to state a claim against Defendant Greenlee. Plaintiff claims that Greenlee violated his Fourth Amendment rights by supplying a magistrate "statements of claim offense charged not justified upon probable cause by a presentment or indictment of a Grand Jury . . ." (Doc. No. 1 at 4). First, officers need not secure an indictment before requesting an arrest warrant from a judicial officer. Second, "[w]e encourage law enforcement officers to seek warrants because magistrates from their detached perspective serve as the essential 'checkpoint between the Government and the citizen.' When a police officer protects a suspect's rights by obtaining a warrant from a neutral magistrate, the officer should, in turn, receive some protection from suit under 42 U.S.C. § 1983." Torchinsky v. Siwinski, 942 F.2d 257, 262 (4th Cir. 1991) (quoting Steagald v. United States, 451 U.S. 204, 212 (1981)). It is only where an officer, "deliberately or 'with reckless disregard for the truth' makes material false statements or omits

materials facts" from a warrant affidavit that the officer becomes liable for a Fourth Amendment violation. Miller v. Prince George's Cnty., MD, 475 F.3d 621, 631 (4th Cir. 2007) (quoting Franks v. Delaware, 438 U.S. 154, 155 (1978)). Plaintiff states that Greenlee made his "statement of claim" "as an alledge [sic] witness," but Plaintiff does not allege this representation was false or that Greenlee made any other false statement or omitted any material fact from his "statements of claim." (Doc. No. 1 at 4, 15).

Lastly, Plaintiff's contention that the arrest warrant was invalid and unconstitutional because Plaintiff did not "consent" to the jurisdiction of the State of North Carolina and its criminal laws is frivolous. All persons within the State of North Carolina, particularly citizens of the State, are "subject to its criminal laws and are within the jurisdiction of its courts." State v. McAlhaney, 17 S.E. 2d 352, 354 (N.C. 1941).

In sum, the Court finds that Plaintiff fails to state a claim against Defendant Greenlee.

B.   Defendant Andrew Murray

As Plaintiff's Complaint alleges, Defendants Murray is the elected District Attorney for the Mecklenburg County District Attorney's Office. As such, Murray is entitled to absolute prosecutorial immunity from claims against him in his individual capacity. In Imbler v. Pachtman, the Supreme Court held "that in initiating a prosecution and in presenting the States's case, the prosecutor is immune from a civil suit for damages under § 1983." 424 U.S. 409, 430 (1976). The Imbler Court "explained that prosecutors should be afforded absolute immunity when their 'activities were intimately associated with the judicial phase of the criminal process.'" Nivens v. Gilchrist, 444 F.3d 237, 250 (4th Cir. 2006) (quoting Imbler, 424 U.S. at 430).

Here, Plaintiff alleges that the Mecklenburg County District Attorney's Office, and

District Attorney Murray in particular, initiated a prosecution against Plaintiff for certain alleged crimes. Plaintiff does not, however, allege that Murray was acting outside the scope of his traditional duties as a prosecutor. Rather, Plaintiff alleges that Murray initiated the prosecution against Plaintiff "in an unlawful attempt to prosecute Plaintiff for the State of North Carolina as a party against a person charged with alleged public offenses termed a criminal action, as also deemed a public purpose, whereas to acquire a contract for the drawing of public money from either local or state treasuries." (Doc. No. 1 at 4). These allegations state a claim against Murray for his "traditional prosecutorial duties" for which he is immune. Nivens, 444 F.3d at 250.

As to any claim against Murray in his official capacity, "[s]uch a claim, in effect, is against the governmental entity employing [him]." Gilchrist, 444 F.3d at 249. District attorneys are state actors, thus, Plaintiff's suit is one against the state. Id. "[A] State is not a 'person' within the meaning of Section 1983, and cannot be sued under Section 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 65 (1989). The Fourth Circuit has also held that Eleventh Amendment immunity bars damages suits, like Plaintiff's, against Murray's predecessor, Peter Gilchrist. Gilchrist, 444 F.3d at 249.

Plaintiff's claims against Murray are dismissed.

C. Defendants Moore and Doe

Plaintiff's Complaint identifies Defendant Moore as one of many Mecklenburg County magistrates and Defendant Doe as a district court judge for Mecklenburg County District Court. He alleges that Defendants ordered him into the custody of the Mecklenburg County Jail as a result of a warrant or bond warrant for arrest. (Doc. No. 1 at 3; 4). Claims against these defendants in their individual capacities must fail on the ground of judicial immunity. It is

6

established law that judges are absolutely immune in a Section 1983 lawsuit for civil liability for actions which they performed in their judicial capacity. Bradley v. Fisher, 80 U.S. 335 (1871). This protection of judicial immunity extends to situations where the allegations raise a question of whether the judicial officer erred in exercising judicial authority. See Dean v. Shirer, 547 F.2d 227, 231 (4th Cir. 1976) ("[T]he law has been settled for centuries that a judge may not be attacked for exercising his judicial authority, even if done improperly.").

Because Doe is a state official, any claim against him in his official capacity must be dismissed. See N.C. CONST. art. IV, §§ 1, 20 (investing judicial power of the state in superior and district court judges); Md. Stadium Auth. v. Ellerbe Becket, Inc., 407 F.3d 255, 261 (4th Cir. 2005) (analyzing whether an actor is a state or local official). Section 1983 does not allow for suits against the State and the Eleventh Amendment immunizes the state from any type of damages action. Will, 491 U.S. 58, 65 (1989) (barring 1983 suits against the state); Gilchrist, 444 F.3d at 249 (finding Eleventh Amendment immunity).

Even assuming Moore is a local actor, any official capacity claim against him must also be dismissed. Local governments "cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. Moore is not a final policymaker and Plaintiff does not allege that his injury stemmed form any Mecklenburg County policy or custom. See Riddick v. School Bd. of City of Portsmouth, 238 F.3d 518, 523 (4th Cir. 2000) ("To qualify as a 'final policymaking official,' a municipal official must have the responsibility and authority to implement *final* municipal policy with respect to a particular

course of action").

Plaintiff's claims against Doe and Moore do not support a claim upon which relief can be granted and they must be dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 1-1), is **GRANTED**; and

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

Signed: August 30, 2012

Robert J. Conrad, Jr.
Chief United States District Judge